**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT COSTEN,** | : | **CIVIL ACTION NO. 1:26-CV-2650** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **BUREAU OF PRISONS, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a tort case filed pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff, Robert Costen, alleges that defendants violated the FTCA in connection with a car accident and his subsequent medical care. The complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted and Costen will be granted leave to file an amended complaint.

## I. Factual Background & Procedural History

Costen is a prisoner in FCI-Williamsburg in Salters, South Carolina, but he brings FTCA claims in the present lawsuit based on his previous incarceration in FCI-Schuylkill in Schuylkill County, Pennsylvania. (Doc. 1). The complaint's factual allegations are limited to three paragraphs as follows:

> On 2/20/24 I was being transported. Our driver engaged in a "drag race" with the other BOP bus. We were cut off [and] struck by another vehicle, then struck a tractor trailer. . . .
>
> I have struggled since the date/time of said accident. My medical claims clearly state/substantiate my injuries to my head (cranium), my lower back area, and my neck.
>
> Problems I have been experiencing for two years now are anxiety lack of sleep, vertigo from my severe head trauma[,] no medicine, no x-

> rays, zero, follow-up has been granted to me. Other victims in the incident are receiving treatment and I AM NOT.

(Doc. 1 at 4). Costen asserts claims for negligence against the BOP, "medical staff," the warden at FCI-Schuylkill, and the driver of the truck that was transporting him during the accident. (Id. at 1).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

> **(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of

---

**(2)** seeks monetary relief from a defendant who is immune from such relief.

a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

Costen's FTCA claim is governed by Pennsylvania's substantive negligence standard. 28 U.S.C. § 1346(b). A plaintiff alleging negligence under Pennsylvania law must allege: (1) the defendants owed him a duty of care; (2) the defendants breached the duty of care; (3) the breach was the proximate cause of the plaintiff's injuries; and (4) the plaintiff suffered actual loss or damages. Kinney-Lindstrom v. Med. Care Availability & Reduction of Error Fund, 73 A.3d 543, 563 n.17 (Pa. 2013) (citing Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (2009)).

Here, Costen fails to allege the elements of negligence. Other than the conclusory statement that the drivers engaged in a "drag race," there are no factual

allegations to show that the driver of the vehicle that was transporting him breached a duty of care. The complaint is also completely devoid of any factual allegations regarding his medical care or how the care fell below the applicable standard of care. The complaint will accordingly be dismissed without prejudice and Costen will be granted leave to file an amended complaint to provide more factual details in support of his claims.[3]

## IV. Conclusion

Costen is granted leave to proceed *in forma pauperis*, and his complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Costen is also granted leave to file an amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 13, 2026

---

[3] Any amended complaint should name the United States as the sole defendant. The United States is the only proper defendant to an FTCA claim. CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008).